Counsel for the appellants aptly states the issue presented: "Whether an insured may file a claim for underinsured motorist coverage against his or her own insurer in the same lawsuit with the insured's claim against the alleged underinsured motorist and litigate all the issues in one proceeding. Put another way, must a motorist covered by a valid automobile liability policy of insurance, including uninsured motorist coverage, first sue the alleged negligent motorist and obtain a judgment prior to asserting a claim for underinsured motorist coverage?"[1]
The trial court answered the first of these two alternative questions in the negative, granted the insurer's motion for summary judgment, and certified the judgment as final, pursuant to Rule 54(b), A.R.Civ.P.[2]
Three separate, underlying considerations are essential to our disposition of this first-impression case: 1) that of protecting the right of the insurer to know of, and participate in, the suit; 2) that of protecting the right of the insured to litigate all aspects of his claim in a single suit ("Separate trials of the same issues and facts are a waste of time and money, and should be avoided if possible," Wall v. Hodges,465 So.2d 359 (Ala. 1984)); and 3) that of protecting the liability phase of the trial from the introduction of extraneous and corrupting influences, namely, evidence of insurance. RobinsEngineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977).
With an admirable degree of professional candor, counsel for the insurer confesses error in the judgment appealed from. We quote directly from the appellee's brief:
 "After reflecting on the question involved and upon the decision of the trial court, it is the conclusion of Nationwide *Page 1310 
that it led the trial court into error by moving for summary judgment. It is also the conclusion of Nationwide that the proper disposition of this appeal is to reverse the granting of the summary judgment in its favor but to do so [with instructions] as to the further direction of the case which will effect a proper balancing of the [three underlying considerations set out above]."
We accept counsel's confession of error and agree that our reversal should be accompanied by instructions as to the appropriate proceeding upon remand of this cause.
We believe that each of the three relevant considerations can be accommodated in a manner substantially as suggested by the parties: A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out above — where the insurer is joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. In either event, the trial court could then fashion its judgment accordingly. For two cases from other jurisdictions, reaching similar results, see Tidmore v.Fullman, 646 P.2d 1278 (Okla. 1982), and Haas v. Freeman,236 Kan. 677, 693 P.2d 1199 (1985).
We note that, in the instant case, the alleged tort-feasor's liability insurer and the plaintiffs' underinsured motorist insurer are the same company. The problems of confidence in defense counsel and the knowledge of applicable limits do not exist. The suggested procedure seems unimpeachable under these circumstances, as well as being readily adaptable to other underinsured motorist claims.
We conclude with our compliments to each of the lawyers for conduct consistent with the highest standards of the profession.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
[1] As statutorily defined, "un insured motorist" includes "under
insured" motorist. Code 1975, § 32-7-23(b).
[2] As the statement of the issue indicates, the plaintiffs sued both their insurer and the alleged underinsured motorist in one action.