STEAGALL, Justice
(dissenting).
While I agree with Justice Maddox’s dissenting opinion, I would make these additional comments.
*250 This case is not the same as Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988). Here, the policy of insurance was squarely presented to the trial court and to this Court on appeal. That policy contained the following language:
“1. The first paragraph of Section III is replaced by the following:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
“THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENTS OF JUDGMENTS OR SETTLEMENTS.” (Emphasis in the original.)
In my opinion, this language is unambiguous and provides the basis for a valid contract between the parties. It is not in derogation of the Alabama Uninsured Motorist Statute, as amended effective January 1, 1985. Therefore, in order to reach the result of the majority opinion, it would be necessary to hold this contract provision void as against public policy. This was not done in Lowe v. Nationwide Ins. Co., supra.