MADDOX, Justice
(concurring specially).
I concur in the majority’s decision to quash the writ, but I write specially because this case presents an important issue — whether an uninsured insurance carrier may, based on the doctrine of collateral estoppel, bind a non-party tort-feasor with an adverse judgment rendered against the carrier on the issue of the tort-feasor’s negligence and the amount of damages suffered by its insured. In this case, in which the Court refused to allow Stonewall’s third-party complaint to be joined with the main suit, summary judgment was especially inappropriate, and I write separately to state, once again, my views on this important legal question.
I have previously expressed my opinion on whether a judgment obtained on a contract claim is binding in a subsequent action involving the tort-feasor on the issues of liability and damages, and have stated that generally a judgment rendered iii an action against an uninsured motorist insurance carrier on the contract claim, even though involving many of the same issues, should not be binding on persons or entities that are not made parties or that are not adequately represented. See my special concurrence in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), and my dissent in Cooper v. Aplin, 523 So.2d 339 (Ala.1988).
In Lowe, this Court held that a carrier that has provided uninsured motorist coverage, whether it was a party or not, would be bound by the factfinder’s decision on the liability issue in a suit between its insured and the tort-feasor if it had not intervened in the principal action. I concurred specially in Lowe, only because the appellant confessed error in that case. As I stated there, I believe that an insurer has the right to independently establish its liability on a policy if it so desires, one reason being *1315 that an insurer’s obligation under its contract is to its insured and an insurer has no obligation to try to prove that the uninsured tort-feasor was not negligent. Also, the fact that either party has insurance could divert a factfinder’s attention on the liability and damages issues in the tort action.
As I stated in my special concurrence in Lowe and in my dissent in Cooper, I do not believe that insurers and tort-feasors should be considered the same for res judi-cata or collateral estoppel purposes, and, because the question of insurance coverage would necessarily be thrust into the case, I believe that both the tort-feasor and the insurer should have the opportunity to independently establish their own liability, if they wish. The policy reasons for res judi-cata/collateral estoppel are well known, and a multiplicity of unnecessary suits is surely an evil that must be guarded against; however, different parties should each be given their day in court, and while judicial economy is a laudable goal, the choice to opt in or out of a tort suit should rest with the persons or entities involved. I file this special concurrence to restate my views and why I hold them.