KENNEDY, Justice.
Aetna Casualty and Surety Company (“Aetna”) petitions for a writ of mandamus directing Judge James Moore, of the Fayette Circuit Court, to grant its motion asking Judge Moore 1) to sever the uninsured or underinsured motorist insurance claims against Aetna from the other claims presented in a motor-vehicle accident case pending in the Fayette Circuit Court, and 2) to prohibit the other parties at trial of the other claims from referring to or mentioning Aetna or Aetna’s potential interest in regard to those claims.
Daniel Jones sued Ronald Rice, alleging that on February 6, 1996, the driver of a truck owned by Rice caused a motor vehicle accident that injured Jones.[1] Jones alleged that the driver of the truck improperly caused the truck to enter the lane of traffic of the vehicle in which Jones was a passenger and thereby caused the driver of the vehicle in which Jones was riding to lose control and to wreck. Jones alleged that the truck driver who caused the accident drove away from the scene.
Alleging that negligence or wantonness on the part of Rice caused the accident, Jones sought damages from Rice. Because the vehicle in which he was riding was insured by Aetna, Jones also sued Aetna, claiming uninsured or underinsured motorist benefits. With the consent of all other parties, Aetna moved the trial court to be allowed not to participate in the lawsuit. On August 16, 1996, the trial court granted Aetna’s motion to be allowed not to participate.
We grant Aetna’s petition.
On June 5, 1997, at the request of the plaintiffs’ attorney, the trial court held a pretrial conference. At this pretrial conference, the plaintiffs’ attorney asked the trial court to require Aetna to participate in the pending lawsuit. Aetna objected to being forced to participate, citing grounds for not participating, including 1) that if it were forced to participate it would suffer extreme prejudice; 2) that its motion to be allowed not to participate in the lawsuit had been granted almost one year before; and 3) that the trial court did not have authority to require Aetna to participate in the trial. In the alternative, Aetna moved the trial court to sever the plaintiffs’ uninsured- and under-insured-motorist claims against Aetna and set them for trial after the plaintiffs’ claims against Rice had been resolved.
*158 On July 9, 1997, the trial eourt entered an order requiring Aetna to participate in the lawsuit, denying Aetna’s motion to sever, and ordering that Aetna participate in discovery and at trial, set over six weeks away on August 25, 1997. When Aetna filed its mandamus petition here, this Court granted Aet-na’s motion to stay the trial.
Aetna contends that it has a right not to participate in the action, relying on Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988). Aetna asserts that its motion to withdraw, or not to participate, was timely filed; that it was consented to by all parties; that it was granted by the trial court; and that the ruling allowing it not to participate had remained undisturbed for nearly a year. Moreover, Aetna argues that the trial court lacked authority to require it to participate in the case and argues that it will be prejudiced if it is required to participate.
In Lowe, supra, this Court stated as follows:
“ A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court).”
(Emphasis original.) 521 So.2d at 1310.
“Stated differently, if the insurer is joined as a defendant by its insured, it is afforded the option under Lowe, if it acts timely, of being dismissed as a party to the case.”
Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
In its order of August 16, 1996, the trial court stated:
“Defendant Aetna Casualty & Surety Co. having filed a Motion to Opt Out, and it being made known to the Court that there is no opposition to said motion and the Court having considered same, ... Aetna Casualty & Surety Co. is allowed to opt out of this action, without prejudice to Aetna’s right to return as a party to this action at a later date.”
Initially, we note that Aetna’s motion to withdraw, in which it attempted to reserve a right “to return as a party to this action at a later date,” is inconsistent with the procedure set forth in Lowe, supra, for an insurer to withdraw from an action such as this; therefore, the trial eourt had no authority to allow Aetna to withdraw while reserving the option to return. See, Edgar, supra. However, it is, apparent that the trial court, as well as the parties to this action, were in agreement to allow Aetna not to participate. After the trial court entered its order allowing Aetna not to participate, Aet-na did not participate in the action for more than a year; during that time, Aetna alleges, a good deal of discovery was conducted and other pretrial procedures took place. Moreover, it was not until approximately six weeks before trial that Aetna, at the plaintiff’s request, was forced to participate. For these reasons, we conclude that Aetna would be unduly prejudiced if it were compelled to participate in the trial of this action. Because of this undue prejudice against Aetna, the trial court incorrectly attempted to compel Aetna to participate. Aetna’s petition for the writ of mandamus is, therefore, due to be granted.
The trial court is directed to dismiss Aetna as a party defendant and to preclude the remaining parties from referring to or mentioning Aetna’s potential interest in the trial of the plaintiffs’ claims against Ronald Rice. Furthermore, it is hereby ordered that, in accord with Lowe, supra, Aetna will be bound by the factfinder’s decisions on the issues of liability and damages, and, in accord with Edgar, supra, Aetna will have no right to return later as a party to this action.
WRIT GRANTED.
HOOPER, C.J., and SHORES and BUTTS, JJ., concur.
MADDOX, J., concurs in the result.

. Delois Jones, Daniel Jones’s wife, joined her husband’s complaint, claiming damages for loss of consortium.