720 So.2d 911 (1998)
Ex parte Donald Neil BOLES.
(Re Donald Neil BOLES v. John Earl KELLEY and State Farm Mutual Automobile Insurance Company).
1970297.
Supreme Court of Alabama.
August 14, 1998.
*912 Daine Sharpe of Sharpe & Reynolds, Dadeville, for petitioner.
William A. Austill and Conley W. Knott of Maddox, Austill & Parmer, P.C., Birmingham, for respondent John Earl Kelley.
COOK, Justice.
Donald Neil Boles petitions for a writ of mandamus directing the Tallapoosa Circuit Court to vacate its order transferring Boles's lawsuit against John Earl Kelley and State Farm Mutual Automobile Insurance Company to the Lee Circuit Court. We grant the petition.
Boles, a resident of Tallapoosa County, and Kelley, a resident of Lee County, were involved in an automobile accident that occurred in Russell County on October 13, 1996. Boles's insurance carrier, State Farm, is a foreign corporation that does business by agent in Tallapoosa County. On February 26, 1997, Boles filed a complaint in the Tallapoosa Circuit Court, stating a personal-injury claim against Kelley and a claim alleging that State Farm was obligated to pay uninsured/underinsured motorist benefits pursuant to Boles's policy with State Farm.
On May 14, 1997, pursuant to this Court's decision in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), State Farm filed a notice of its election not to participate in the litigation. Thereafter, on August 7, 1997, Kelley moved to change the venue of the action, relying on Rule 82(b)(1)(A), Ala. R. Civ. P.:
"(1) ... Actions against an individual or individuals having a permanent residence in this state:
"(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them."
Kelley moved for a transfer of the action. He alleged that the accident occurred in Russell County, that he is a resident of Lee County, that Boles's lawsuit is a personal injury action, and that he is now the only remaining defendant in that action. Therefore, Kelley reasoned, he was entitled, pursuant to Rule 82(b)(1)(A), to have the action transferred to the Lee Circuit Court.
Boles objected, claiming that, pursuant to Ala.Code 1975, § 6-3-7; Rule 82, Ala. R. Civ. P.; and Ala. Const.1901, § 232 (as amended by Amendment 473), he could sue State Farm in any county in which it was doing business when he filed his action, including Tallapoosa County. If venue is proper as to one defendant it is proper as to all defendants, argued Boles, and, because venue was proper as to State Farm in Tallapoosa County when the action was filed, he argues, it was proper there as to both defendants.
Kelley responded by arguing that because State Farm had elected not to participate in *913 the lawsuit it was no longer a party upon whose presence venue could be based. After a hearing, the trial court transferred the action to the Lee Circuit Court.
Boles maintains that the trial court erred, as a matter of law, in transferring the action to the Lee Circuit Court, because the trial court's order, says Boles, ignored Ala. Code 1975, § 6-3-5(a) and § 6-3-7; Ala. Const.1901, § 232 (as amended by Amendment 473); and Ex parte Gauntt, 677 So.2d 204 (Ala.1996). We believe Boles has correctly analyzed the applicable statutes and precedents and that he is entitled to the relief he seeks.
Section 6-3-5, the statute governing venue of actions against insurance corporations, provides, in part:
"(a) Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides ...; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business."
Section 6-3-7, the general statute governing venue of actions against corporations, provides:
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Ala. Const.1901, § 232, as amended in 1988 by Amendment 473, provides, however, that a foreign corporation "may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation."
In Ex parte Gauntt, 677 So.2d 204 (Ala. 1996), this Court held that, pursuant to § 6-3-7 and Amendment 473, if a plaintiff's cause of action alleges properly joined contract and personal injury claims, a foreign corporate defendant in that action may be sued in any county in which it does business. Therefore, when Boles filed his complaint against Kelley and State Farm, venue was proper in Tallapoosa County as to State Farm and as to Kelley as well, under the rule that if venue is proper as to one defendant, it is proper as to other properly joined defendants.
Kelley argues that, pursuant to the decisions in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988); Ex parte Edgar, 543 So.2d 682 (Ala.1989); and Ex parte Aetna Casualty & Surety Co., 708 So.2d 156 (Ala. 1998), State Farm's election not to participate in the litigation made Tallapoosa County an improper venue for this action.
In Lowe, the Court stated the issue as "[w]hether an insured may file a claim for underinsured motorist coverage against his or her own insurer in the same lawsuit with the insured's claim against the alleged underinsured motorist and litigate all the issues in one proceeding." 521 So.2d 1309. We answered that question in the affirmative and provided a procedure under which the parties to such an action could accommodate several considerations underlying that issue: 1) protecting the right of the insurance carrier to know of, and participate in, the lawsuit; 2) protecting the right of the injured insured to litigate all claims in one action and thereby avoid a waste of time and money; and 3) protecting the liability phase of the trial from prejudice that might arise from "extraneous and corrupting influences, namely, evidence of insurance." 521 So.2d 1309.
"A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the *914 jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out above where the insurer is joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case."
521 So.2d at 1310 (some emphasis original; some emphasis added).
In Edgar and Aetna, the uninsured motorist carriers were named as defendants; however, pursuant to Lowe, the carriers elected not to participate in the trial, but attempted to reserve the right to participate or monitor discovery and to reenter the trial at a later time. Kelley finds support for his position in the following language from this Court's opinions addressing mandamus petitions filed by the insurance companies in Edgar and Aetna:
"[I]f the insurer is joined as a defendant by its insured, it is afforded the option under Lowe, if it acts timely, of being dismissed as a party to the case. Consequently, the insurer's withdrawal from the case under Lowe terminates its right to participate in discovery. Rule 26, [Ala.] R. Civ. P."
Ex parte Edgar, 543 So.2d at 684 (emphasis added).
"The trial court is directed to dismiss Aetna as a party defendant and to preclude the remaining parties from referring to or mentioning Aetna's potential interest in the trial of the plaintiff's claims.... Furthermore, it is hereby ordered that, in accord with Lowe, ... Aetna will be bound by the factfinder's decisions on the issues of liability and damages, and, in accord with Edgar, ... Aetna will have no right to return later as a party to this action."
Ex parte Aetna Casualty & Surety Co., 708 So.2d at 158.
Pursuant to Edgar and Aetna, argues Kelley, when State Farm elected not to participate in Boles's lawsuit, State Farm was "dismissed" as a party to the action and venue of the action was no longer proper in Tallapoosa County. We disagree. Although Edgar and Aetna speak of the insurer's being "dismissed" from the pending action, it is clear that, pursuant to Lowe, State Farm has simply withdrawn from the litigation by exercising its option "not to participate in the trial." 521 So.2d at 1310.
The question of proper venue is ordinarily determined when the action is commenced. Elmore County Commission v. Ragona, 540 So.2d 720 (Ala.1989); Ex parte Shelby County, 516 So.2d 525 (Ala.1987). Rule 82(d)(2)(B), Ala. R. Civ. P., provides an exception to this rule:
"(B) ... When a defendant whose presence [in the lawsuit] made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed [from the action] on motion of that defendant, and such dismissal has been made a final judgment as to that defendant pursuant to Rule 54(b), [Ala. R. Civ. P.,] the court, on motion of less than all remaining defendants, may, in its discretion, and, on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone, provided that any such motion is served prior to commencement of trial and after said order of dismissal has become final by appeal or expiration of time for appeal."

Kelley argues that State Farm has been dismissed and that he, therefore, is the only remaining defendant. Thus, he says, the trial court correctly granted his motion to transfer, pursuant to the requirement of Rule 82(d)(2)(B) that "the court, ... on motion of all remaining defendants, shall transfer the action." However, under Rule 82(d)(2)(B), this requirement to transfer arises only after the dismissal of the defendant "has been made a final judgment as to that defendant pursuant to Rule 54(b)." The *915 materials before us indicate no judgment as to State Farm.
Because State Farm has not been "dismissed" as a defendant, Rule 82(d)(2)(B) is inapplicable here. We must conclude that proper venue for this action was determined when the action was filed. Kelley's argument that Rule 82(d)(2)(B) required the trial court to grant Kelley's motion to transfer is without merit.
Kelley also claims that State Farm's presence as a defendant in Boles's action should not be a basis for determining proper venue, because, he argues, State Farm was never a "material defendant." We disagree.
"This Court has defined the term `material defendant' as `"one whose position is antagonistic to that of the plaintiff's because relief is sought against him."' Ex parte Shelby County, 516 So.2d 525, 527 (Ala.1987) (quoting Ex parte Ford, 431 So.2d 1194, 1196 (Ala.1983), quoting Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408 (Ala.1977)). A material defendant has been further defined by this Court as `"a real and bona fide defendant whose interest in the result of the action is adverse to that of the plaintiff with respect to the cause of action against the other defendant."' Ex parte Shelby County, 516 So.2d at 527 (quoting Copeland v. Loeb, 269 Ala. 295, 297, 112 So.2d 475, 477 (1959))."
Isbell v. Smith, 558 So.2d 877, 880 (Ala.1990).
In Elmore County Commission v. Ragona, supra, we held that the insurer in that case was a "material defendant," based, in part, on the fact that the insurer had refused to pay uninsured motorist benefits to its insured (the plaintiff), and on the fact that the insurer's interest was actually aligned with that of the other defendants. Here, State Farm has refused to pay Boles's claims for uninsured motorist benefits, and State Farm's interest in the case is certainly aligned with that of Kelleythe uninsured, or underinsured, motorist whose liability, if any, will be the basis for State Farm's being required to pay Boles's claims.
Tallapoosa County was a proper venue when this action was commenced, and that county was not made an improper venue by State Farm's election not to participate in the case. The trial court erred in granting Kelley's motion to transfer the case to the Lee Circuit Court. Boles has made a clear showing that the trial court erred to his detriment (Ex parte Harrington Manufacturing Co., 414 So.2d 74 (Ala.1982))a detriment for which Boles has no remedy except by a writ of mandamus; therefore, Boles's petition is granted.
WRIT GRANTED.
ALMON, SHORES, and KENNEDY, JJ., concur.
HOOPER, C.J., and HOUSTON, SEE, and LYONS, JJ., concur specially.
MADDOX, J., concurs in the result.
HOOPER, Chief Justice (concurring specially).
I agree with the special writings in this case authored by Justice Houston and Justice Lyons. John Earl Kelley states in his brief: "Within a reasonable time after the action was filed, State Farm timely moved to withdraw under Lowe v. Nationwide [Insurance Co.], 521 So.2d 1309 (Ala.1988). The trial court granted the motion, dismissing State Farm as a party to the case." If the trial court has granted State Farm's motion to withdraw, then only the procedural step of issuing a final judgment as to that motion is necessary to determine the proper venue. It appears that the wording of Rule 82, Ala. R. Civ. P., has swallowed up the substance and allowed forum shopping to occur, even though the posture of the parties in this case indicates that the action should be transferred. And as Justice Lyon's special writing points out, it may be that this Court in Lowe created the problem. Therefore, I too would support amending Rule 82 to correct this problem.
I have in the past expressed my opposition to forum shopping. See Ex parte Gauntt, 677 So.2d 204 (Ala.1996) (Hooper, C.J., dissenting); Ex parte Associates Financial Services Co. of Alabama, Inc., 705 So.2d 836 (Ala.1997) (Hooper, C.J., dissenting); and Ex *916 parte Dorsey, 700 So.2d 1349 (Ala.1997) (Hooper, C.J., joining See, J., dissenting). See also Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998). As a trial judge, I found the practice of forum shopping intolerable. As a Justice on this Court, I still find it so. It is my opinion that that is what is happening in this case.
HOUSTON, Justice (concurring specially).
This Court, for the sake of consistency, should amend Rule 82(d)(2)(B), Ala. R. Civ. P., to permit a trial court to transfer a case such as this one. However, as it presently reads, that rule does not permit a transfer in this case.
LYONS, Justice (concurring specially).
I concur specially to point out that Rule 82(d)(2)(B) was adopted before this Court, in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), established the practice of allowing a defendant insurance company to elect not to participate in an action. I suggest that the advisory committee on the Alabama Rules of Civil Procedure consider updating the rule so as to make it conform to the practice established in Lowe.
SEE, J., concurs.