PER CURIAM.
Kayla Moore, the plaintiff in an action filed in the Etowah Circuit Court, appeals the order of the trial court granting the motion for a new trial filed by United Services Automobile Association (“USAA”).

*727
Facts

Moore sued Brandon Rogers, for whom Allstate Insurance Company provided automobile liability insurance coverage, and USAA, Moore’s underinsured-motorist carrier, for damages based on personal injuries she suffered when the vehicle she was driving was struck by an automobile driven by Rogers.
USAA answered Moore’s complaint and later moved the trial court for permission to opt out of the litigation as provided in Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988). The trial court granted USAA’s motion, and USAA did not participate in the trial.
The jury returned a verdict in favor of Moore and awarded $270,558.18 in compensatory damages. It awarded no punitive damages. A copy of the verdict form reflecting the verdict and signed by the foreman is attached as an appendix to this opinion; its caption identified the “defendants)” as “USAA Insurance, etc.” The trial court entered a judgment against “the Defendant” for the amount of the verdict.
USAA did not obtain a copy of the verdict form until after the verdict was announced. USAA then filed a motion for a new trial, arguing that the verdict form impermissibly interjected USAA and the issue of insurance into the trial' — in violation of Lowe. The trial court granted a new trial, finding as follows:
“At the trial, the verdict form submitted by the Court to the Jury, at the end of the charge to the Jury contained the style of the case as [Moore v. USAA Insurance, etc.].
“The submission to a jury of any suggestion that a civil defendant is insured in the case is prejudicial and constitutes reversible error. For this reason the motion for a new trial is granted.”
Moore appeals.

Standard of Review

“ ‘It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error.’”
Kane v. Edward J. Woerner & Sons, Inc., 543 So.2d 693, 694 (Ala.1989)(quoting Hill v. Sherwood, 488 So.2d 1357, 1359 (Ala.1986)).

Legal Analysis

The only question presented is whether the trial court erred in ordering a new trial on the ground that the jury’s verdict was improperly prejudiced by the appearance on the verdict form of USAA’s name as a defendant. The trial court found that naming USAA as a defendant in the verdict form improperly suggested to the jurors the existence of liability insurance and therefore constituted reversible error. Moore contends that USAA did not establish that the appearance of its name in the style of the case on the jury verdict form prejudiced the verdict.
As an initial matter, we must determine whether USAA’s objection to the jury verdict form in a motion for a new trial was timely. USAA contends that its objection was timely because, it says, after opting out of the litigation, it did not participate in the trial; the verdict forms were not submitted to it for approval; the reading of the verdict form to the jury during the trial court’s charge did not include the style of the case; and when the verdict was read by the trial court, the style of the *728 ease as shown on the verdict form was not stated. USAA maintains that it discovered the error only after the verdict .was returned. Upon learning of the inclusion of its name in the style of the case, USAA moved for a new trial.-
In Lowe, this Court addressed the issue whether a plaintiff covered by an automobile liability insurance policy that included underinsured-motorist coverage must first sue the alleged negligent motorist and obtain a judgment before he or she can assert a claim for underinsured-motorist coverage. ' This Court held:
.“A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in- the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder’s decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to inters vene or to. stay out of the case.”
521 So.2d at 1310 (emphasis on “either” and “or” original; other emphasis added). This Court in reaching its holding in Lowe. recognized the following primary considerations:
“1) that of protecting the right of the insurer to know of, and participate in, the suit; 2) that of protecting the right of the insured to litigate all aspects of his claim in a single suit ...; and 3) that of protecting the liability phase of the trial from the introduction of extraneous and corrupting influences, namely, evidence of insurance.”
521 So.2d at 1309. Thus, when the Court in Lowe established the right of an insurer providing the plaintiff underinsured-motorist coverage, when joined as a defendant, to opt out of the litigation, it imposed on the trial court an affirmative duty to ensure that the plaintiffs insurer or its potential involvement is not mentioned at trial. See Ex parte Aetna Cas. & Sur. Co., 708 So.2d 156, 158 (Ala.1998)(recognizing that Lowe requires the trial court to preclude the remaining parties from referring to or mentioning the potential interest of the opted-out insurer in the outcome of the trial); Ex parte Boles, 720 So.2d 911, 914 (Ala.1998).
Here, when USAA relinquished its right to participate in the litigation, in accordance with Lowe it relied upon the trial court to preclude any reference to it or its potential interest in the outcome of the trial. While it appears that the trial court prevented the mention of USAA and its potential interest throughout the trial, USAA and the issue of insurance was inadvertently interjected when the verdict forms identified USAA as a defendant. It is undisputed that the verdict form in question, including its caption, was prepared by the trial judge and that counsel had no involvement in its preparation. Upon learning that it had been identified in the style of the case on the verdict form, USAA immediately objected by filing a motion for a new trial. Because USAA objected at its first opportunity, USAA’s objection was timely.
Moore contends that the trial court erred in ordering a new trial because, she argues, no evidence was presented to es *729 tablish that any juror actually took note of the caption on the verdict form or understood the caption to be a reference to an underinsured-motorist carrier or a liability insurer that might have to pay any judgment that might be rendered in the case. “It has long been the general rule in Alabama that the admission of evidence or the making of comments indicating or suggesting to the jury that a civil defendant is indemnified in any degree or fashion by an insurance company is prejudicial and constitutes reversible error.” Lowery v. Ward, 662 So.2d 224, 225 (Ala.1995). Nonetheless, this general rule presupposes that the jury actually saw or heard the offending material or utterance.
In charging the jury concerning the use it was to make of the verdict form, the trial judge instructed as follows:
“Now, I’ve prepared two verdict forms for you. You should begin by selecting one person of your twelve to be the foreperson of the jury who would guide you in your deliberations, and the foreperson that you select will have to sign any verdict form that you return.
‘You have two verdict forms. The first one is a Plaintiffs verdict form. If, after full and fair consideration of all the evidence in this case, you find that [Moore] has met the burden of proof on one or both the issues raised in this case [i.e., negligence and wantonness on the part of Rogers] you would take this verdict form and fill it out, and you would as appropriate and do it in accordance with instructions I’ve given you[;] this verdict form Number One says, ‘We, the Jury, find the issues in favor of Plaintiff against the Defendant’ and assess Plaintiffs damages as follows. And there’s a place for compensatory damages and a place for punitive damages for you to fill in, a place at the bottom for the foreperson of the jury to fill it out.”
Counsel for Rogers apparently viewed the verdict form before it was sent back to the jury room because he asked the trial judge, at the end of the initial charge, to tell the jury that the blank on the verdict form for entering punitive damages was not an indication that punitive damages should be awarded in the event the jury entered a verdict for Moore. The judge subsequently addressed that concern as a part of a supplemental charge he gave the jury:
“As I said, you have two verdict forms. Verdict Form One is the verdict form for the Plaintiff. [Moore] meets the burden of proof. It has a place for compensatory and punitive damages. You fill in the amount of compensatory damages, and you would exercise your discretion — you have the discretion over punitive damages, means you can find for [Moore] on the willful count and add punitive damages. You also have the right in your discretion not to add punitive damages.
“The other verdict form, which is for the Defendant, both of them have a place for the foreman to sign it and return it.
“All right. Ladies and gentlemen, you may go to the jury room and begin your deliberations. If you reach a verdict, please notify the bailiff that you have reached a verdict.”
Thus, it can be said that the trial judge and defense counsel both had the jury verdict form before them but failed to note the presence in the caption of the words “USAA Insurance, etc., Defendant(s).” Certainly defense counsel, would have objected to any reference to any insurance company had he • noticed the caption; it would have been as prejudicial to his-client as USAA says it was to it. As it was, as *730 Moore points out in her brief, “USAA’s name on the verdict form was simply overlooked by counsel and the trial judge.” Moore points out that there is no evidence or showing of any type in the. record that any juror actually looked at the caption of the verdict form. She argues that if both the trial judge and counsel failed to note the manner in which the case was styled on the verdict form, we should not presume that any juror did note it. Moreover, to the extent any juror took note of it, there is no reason to believe that that juror did so before the jury’s verdict was unanimously decided, in which event the jury could not have been prejudiced by the language on the form showing USAA as a defendant. As noted, the trial judge instructed the jury to fill out that verdict form — the plaintiff form — only if and after it had found in favor of Moore and decided the types and amounts of damages to be awarded. Moreover, at that point, only the foreman would have had occasion to have the verdict form before him, filling in the respective blanks provided for compensatory damages and punitive damages, and signing on the “Foreperson” signature line. Those areas of the form appear well below the caption and completing them required no viewing of the caption.
In Leith v. State, 206 Ala. 439, 90 So. 687 (1921), a prior order entered in the case, containing statements prejudicial to a defendant who had been accused of murder, was (as in the present case) inadvertently, and without the knowledge of the court or counsel,' sent with the jury to the jury room. The jury agreed on the defendant’s guilt of murder in the first degree before coming across the order; the jury’s subsequent verdict fixed his punishment at the minimum sentence allowable. This Court pointed out that “[i]t has not been held incompetent to show by members of the jury whether they did read or were influenced by a paper or other extraneous fact that was improperly before them, and not introduced on the trial” and went on to hold “[i]t was competent to show by the affidavits of jurors and others that such extrinsic fact or matter came to the attention of a part of the jury during its deliberation.” 206 Ala. at 443, 90 So. at 691.
As this Court later summarized in Nichols v. Seaboard, Coastline Ry., 341 So.2d 671, 674 (Ala.1977), “Leith rejected jury impeachment testimony because the trial judge found the extraneous matter was not before the jury until after the verdict had been reached.” Likewise in the present case, given the order of proceeding laid out for the jury by the court’s charge (and in the absence of any evidence to the contrary), USAA’s name in the caption of the jury verdict form was probably not seen by any juror, or if seen at all, was not seen until after the verdict had been reached. It was open to USAA to offer juror affidavits (or other testimony) to the effect that one or more jurors spotted the reference to “USAA Insurance” in the caption before the verdict .was rendered and inferred from that that Rogers had insurance coverage in some form. As it was, USAA offered no evidence, and made no showing, other than the verdict form itself.
This is not a case where it is undisputed that some extraneous matter came to the attention of the jury and the issue is therefore whether the aggrieved party must show actual prejudice or can rely instead on prejudice as a matter of law, also called presumed prejudice. See Ex parte Arthur, 835 So.2d 981 (Ala.2002); Pearson v. Fomby, 688 So.2d 239 (Ala.1997); Hallmark v. Allison, 451 So.2d 270 (Ala.1984); and Whitten v. Allstate Ins. Co., 447 So.2d 655 (Ala.1984). Further, this is not a case of alleged “juror misconduct” as was presented by the circumstance in the cases just listed. Rather, to the extent of our focus at this stage of this appeal, the issue *731 is whether the trial court could presume, in the complete absence of any showing or any observation or knowledge peculiarly available to it, that one or more jurors noticed that USAA was included in the caption as a defendant before the jury reached its verdict.
For all that appears in the record and the appellate briefs of the parties, no hearing was conducted on USAA’s motion for a new trial and the parties submitted no trial briefs or materials in support of or in opposition to USAA’s motion. There is no suggestion that the trial judge had any more information available to him than is available to us: the verdict form was sent back to the jury room, where it was completed, and it was later returned and published in open court, where any reference to its caption was omitted. The trial judge’s order granting a new trial contains no suggestion of other operative facts. Given this state of the record, it appears that the trial judge was in no better position than this Court is now to speculate on whether any juror actually noticed the caption, and, if so, whether that juror did so before all jurors were committed to the terms of the verdict. The burden was on USAA to show that the jury considered the caption in reaching its verdict. Pearson v. Fomby, 688 So.2d 239 (Ala.1997).
Given the uncertainty presented by the record concerning whether, and when, any one or more jurors might have noticed the presence of USAA’s name in the caption of the verdict form, we deem it necessary to have that uncertainty cleared up in the same manner as we did in Pearson: “remand the case for the trial court to determine the extent to which the extraneous matters might have actually influenced the verdict.” 688 So.2d at 241.
Therefore, the judgment is reversed and the case is remanded for the trial court to hold proceedings to determine whether, and, if so, when, any juror noticed the reference to “USAA Insurance” in the caption of the verdict form. The trial court is then to reconsider the verdict in light of that determination, as we ordered in Pearson, 688 So.2d at 245.
REVERSED AND REMANDED.
NABERS, C.J., and HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
BROWN, J., recuses herself.
*732 APPENDIX
[[Image here]]