PER CURIAM.
In December 2005, Charles Baggett and Diana Morris were involved in an automobile accident, as a result of which Baggett was injured. Baggett subsequently sued Morris, who was insured by Sagamore Insurance Company (“Sagamore”). Baggett added his underinsured-motorist (“UIM”) carrier, State Farm Mutual Automobile Insurance Company (“State Farm”), as a party to the action. The limit of State Farm’s UIM policy was $60,000. Before Baggett commenced the action against Morris, State Farm, pursuant to the procedure authorized by Lambert v. State Farm Mutual Automobile Insurance Co., 576 So.2d 160 (Ala.1991), advanced Baggett the sum of $25,000, the limit of the liability policy issued by Sagamore to Morris, to protect its potential subrogation interest against Morris. At the time State Farm advanced the $25,000 to Baggett, Baggett executed an agreement entitled an “Advancement of Funds to Protect Future Subrogation Rights.”
State Farm opted out of the action pursuant to Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988). Following a jury trial, Baggett obtained a judgment *1009 against Morris for $181,046. Therefore, Baggett was entitled to $85,000 — the total of the limits of both the Sagamore policy ($25,000) and the State Farm policy ($60,-000). Sagamore paid $25,000; State Farm, rather than paying Baggett $35,000 and receiving credit pursuant to the “Advancement of Funds” agreement for the $25,000 it had advanced, mistakenly paid $60,000, resulting in an overpayment to Baggett of $25,000. As a result of the overpayment, the trial court ordered Baggett to reimburse State Farm $25,000, less a one-third attorney fee under the common-fund doctrine. State Farm appealed. The Court of Civil Appeals affirmed the trial court’s judgment, without an opinion. State Farm Mut. Auto. Ins. Co. v. Baggett (No. 2100221, Feb. 4, 2011), 97 So.3d 816 (Ala.Civ.App.2011) (table). State Farm petitioned this Court for a writ of certiora-ri, which we granted.
Both parties’ arguments assume that this case involves the application of the common-fund doctrine. This Court, however, has determined that this case is simply one in which an insurer inadvertently paid $25,000 in excess of its policy limits, and the insurer is entitled to a refund of that excess amount. If an attorney fee was due Baggett’s attorney with respect to all or part of the $85,000 actually owed in the aggregate by Sagamore and State Farm, then the fee should be taken from the $85,000, not from the $25,000 State Farm overpaid and as to which it is entitled to be reimbursed. Baggett obtained a judgment against Morris for $181,046. Sa-gamore paid $25,000, the limit of its insured’s policy. Including the $25,000 State Farm had advanced to Baggett, State Farm paid $85,000, $25,000 more than its policy limit of $60,000. Thus, State Farm is entitled to the reimbursement of its overpayment. Because we conclude that State Farm overpaid Baggett, we reverse the judgment of the Court of Civil Appeals and remand the case to that court for it, in turn, to remand the case to the trial court with instructions that the trial court order Baggett to reimburse State Farm the amount of $25,000.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and AVISE, JJ., concur.