WOLF, J.
Appellants, the plaintiffs in the trial court, raise several issues on appeal. We find that one has merit and requires reversal and remand for a new trial. It is, therefore, unnecessary to reach the other issues. We determine the trial court erred in denying the request to remove a dismissed party from the caption on the verdict form.
In March 2009, appellants, Jarvis and Marsha Holmes, filed a negligence action against Area Glass, Inc. (Area Glass) and State Farm Mutual Insurance Company (State Farm). They alleged they contacted their insurance company, State Farm, about a damaged windshield, and State Farm directed them to use Area Glass for repairs. They asserted that Area Glass negligently and improperly replaced the windshield which allowed water to leak inside the vehicle resulting in mold and mildew exposure to Mr. Holmes. Count I addressed Area Glass’ negligence in replacing the windshield. Count II alleged that State Farm was negligent by failing to investigate Area Glass adequately before hiring it and by failing to confirm that Area Glass was adequately insured against potential harm done to appellants. Appellants claimed that the actions of Area Glass and State Farm resulted in physical injury to Mr. Holmes, loss of use and value of the car, and loss of consortium to Mrs. Holmes. The complaint did not expressly allege that State Farm was in any way vicariously liable for Area Glass’ negligence.
In October 2010, appellants voluntarily dismissed Area Glass from the lawsuit. The notice of dismissal and any potential settlement agreement were not included in the record on appeal. There appears, *494 however, to be no dispute that a settlement occurred.
Prior to trial in April 2012, the parties submitted proposed verdict forms. Appellants’ form purposely did not include Area Glass in the caption. State Farm objected, arguing that the captions of a case should not be changed. Counsel pointed to Traw-ick’s Florida Practice and Procedure, § 6-2, which states that “the names of the parties in the caption are never changed even when all original parties have ceased to be parties.” Counsel also cited to Altamonte Hitch & Trailer Service, Inc. v. U-Haul Co. of Eastern Florida, 498 So.2d 1346 (Fla. 5th DCA 1986), for the same proposition. State Farm specifically feared that, without Area Glass in the caption, the jury would believe that State Farm was Area Glass’ insurer, that Area Glass was somehow under insured or that State Farm would be “on the hook” for Area Glass’ negligence.
Appellants pointed out that witnesses were repeatedly asked the question to make it clear that State Farm was not Area Glass’ insurer, and that Altamonte Hitch was not on point since it involved the question of recovering attorney’s fees against someone listed in the caption but not in the body of the complaint. Counsel argued that listing Area Glass on the verdict form would be counter to the rule which excludes disclosure of settlement to the jury. Counsel feared the jury would be inquisitive and notice that something was amiss. The court chose to leave Area Glass in the caption of the verdict form.
Once the case was tendered to the jury for deliberation, the jury returned the question: “Why is Area Glass listed as a defendant on the top of the verdict form?” Appellants asked the court to answer that the only defendant in the case was State Farm. The court instead chose to tell the jury that it could not answer the question and that they should “look to the testimony and the evidence that was presented and draw conclusions from that.” A few minutes later the jury returned a verdict in State Farm’s favor.
Appellants filed a motion for new trial based on the inclusion of Area Glass in the caption and stated Area Glass’ absence from the case could only imply that it had settled, which was an inference the jury should not have been encouraged to make.* The trial court summarily denied the motion without explanation.
We see no valid reason for including Area Glass in the caption to the verdict form and also determine the trial court’s response to the jury’s question exacerbated the problem.
Section 768.041, Florida Statutes (2012), prohibits the admission at trial of any evidence of settlement or dismissal of a defendant. Specifically, “the fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.” The unambiguous language of the statute admits no exceptions, and violation of the prohibition is reversible error. Saleeby v. Rocky Elson Const., Inc., 3 So.3d 1078, 1080 (Fla.2009). Even a reference to settlement by counsel during voir dire or arguments necessitates a new trial. See Muhammad v. Toys R Us, Inc., 668 So.2d 254 (Fla. 1st DCA 1996) and Henry v. Beacon Ambulance Service, Inc., 424 So.2d 914 (Fla. 4th DCA 1982). In other words, disclosure of the fact of settlement or dismissal is prohibited regardless of whether it is presented to the *495 jury through evidence or through some other means.
While the jury in this case was not expressly told that Area Glass had been dismissed from the case, appellants argue that the only inference the jury could make from the caption on the verdict form was that Area Glass had been a defendant in the case and had been dismissed. Appellants further argue that the jury’s question shows that this is the very inference that the jury reached.
There is no rule that the caption listed on the verdict form must be identical to the caption used on all the pleadings. Further, Altamonte Hitch, relied on by State Farm, does not stand for the proposition that the case style can never be changed. Rather, it stands for the proposition that the caption is not part of the pleading for purposes of motions directed to the pleading. In Altamonte Hitch, an award of attorney’s fees could not be recovered against one of several parties listed in the caption when the counter complaint never sought fees specific to that party. 498 So.2d at 1347.
While there are not any Florida cases directly on point regarding the inclusion of dismissed parties on the verdict form, a case from Alabama is instructive. The Supreme Court of Alabama imposed an affirmative duty on the trial court to ensure that the jury was not inadvertently informed that the defendant had insurance. Moore v. United Services Auto. Ass’n, 898 So.2d 725 (Ala.2004). The verdict form in that case erroneously included the name of the insurance company, which was listed as a party in the style of the case but opted out of participation at trial as allowed by state law. Id.
In this case, we find that it was a violation of section 768.041 to include Area Glass on the verdict form when the defendant had been apparently dismissed from the case. The error was compounded when the trial court told the jury to “draw its own conclusions” in answer to the jury question. The trial court essentially invited the jury to infer that Area Glass had been dismissed ■ or had settled the case, information that “shall not be made known to the jury.” This constituted reversible error pursuant to Saleeby. Given the jury question, and the speed with which the jury returned a verdict after the court’s answer, it appears that the caption (and the likely inference that appellants had already recovered from Area Glass) did, in fact, influence the verdict.
As for State Farm’s fear that the jury would assume that it was Area Glass’ insurer or was required to cover appellants’ damages as their insurer, any misunderstandings could have been addressed through witness testimony and during arguments. Further, the main argument at trial was that State Farm was directly negligent in utilizing Area Glass to replace the windshield. State Farm had ample opportunity to educate the jury about its contractual duty to appellants and the lack thereof to Area Glass. The statutory prohibition against informing the jury of settlement and dismissal evinces a public policy concern that outweighs State Farm’s generalized fears that could have been resolved with proper jury education.
REVERSED and REMANDED for a new trial.
LEWIS, C.J., and PADOVANO, J., concur.

 The motion also pointed out that State Farm did not request that Area Glass be included in the verdict form as a Fabre defendant to apportion liability. See Fabre v. Marin, 623 So.2d 1182 (Fla.1993).