# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2074
Lower Tribunal No. 18-13850
_____

**CRST Expedited, Inc.,**
Appellant,

vs.

**Alfred F. Wallace, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Campbell Conroy & O'Neil, P.C., and P. Brandon Perkins (Ft. Lauderdale), for appellant.

The Gutierrez Firm and Jorge P. Gutierrez, Jr.; and Philip D. Parrish, P.A., and Philip D. Parrish, for appellees.

Before EMAS, LOBREE and GOODEN, JJ.

PER CURIAM.

In this automobile negligence action for personal injuries, Appellant CRST Expedited, Inc. appeals the final judgment entered against it. It argues that the trial court abused its discretion by allowing testimony concerning the property damage settlement between the parties. Specifically, there was testimony as to who paid to fix Appellee Alfred Wallace's vehicle. We agree. This violates section 90.408, Florida Statutes. See § 90.408, Fla. Stat. (2023) ("Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value."); Saleeby v. Rocky Elson Const., Inc., 3 So. 3d 1078, 1083 (Fla. 2009) ("The meaning of this statute is equally clear. No evidence of settlement is admissible at trial on the issue of liability."); Holmes v. Area Glass, Inc., 117 So. 3d 492, 494-95 (Fla. 1st DCA 2013) ("In other words, disclosure of the fact of settlement or dismissal is prohibited regardless of whether it is presented to the jury through evidence or through some other means."). As a result, we reverse and remand for a new trial.

Reversed and remanded.