Jimmy Wayne Howard and Billy Joe Snyder brought suit against Alabama Farm Bureau Mutual Casualty Insurance Company (hereinafter Farm Bureau) claiming the benefits of the uninsured motorist coverage of an automobile insurance policy under which Howard was an insured. The trial court directed a verdict in favor of Farm Bureau, from which the plaintiffs appealed. We reverse.
The undisputed facts offered by the plaintiffs are:
On March 1, 1973, an automobile, which was insured by Farm Bureau and driven by Howard with Snyder as a passenger, was struck by an automobile driven by Charles Landreth. The accident occurred as Howard was driving out of a convenience store parking lot exit attempting to cross the eastbound lanes and enter the westbound lanes of Highway 78 in Jefferson County. The point of impact was near the center line of the two-lane, eastbound side of the highway. Although Landreth was originally a named defendant, the action against him was subsequently dismissed.
The alleged uninsured motorists are the drivers or owners of two large trucks which were parked alongside the roadway to the west of the exit used by Howard. All parties agree that the identity and whereabouts of these truck drivers and/or the owners of the involved vehicles cannot be determined. Farm Bureau concedes that these truck drivers, under these facts, are uninsured motorists under the terms of its policy. It concedes liability under the policy if the plaintiffs have shown negligence on the part of the drivers of the trucks and proximate cause of their injuries resulting therefrom. The trucks were parked entirely off of the road approximately a foot to a foot and a half from the eastbound lanes of the highway. The front of the first truck was almost even with the curbing which bordered the exit used by Howard. The second truck was parked very near and directly behind the first.
Howard, the driver, has no recollection of the events surrounding the accident. Snyder, the passenger, however, testified that neither he nor Howard could see any eastbound traffic approaching from the west because of the parked trucks. He stated that he told Howard "to ease" the automobile out into the highway in order to get a better view of the eastbound lanes. The next event recalled by Snyder was the impact of Landreth's automobile.
An action based on the uninsured motorist provisions of a liability policy is ex contractu in nature. State FarmAutomobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95
(1974); and one who claims recovery under those provisions must show that an enforceable contractual obligation exists and that he is entitled to recovery under the terms of the policy. See:State Farm Fire and Cas. Co. v. Lambert, 291 Ala. 645,285 So.2d 917 (1973).
Because Farm Bureau concedes coverage under its policy, we need only to examine the evidence to determine whether it was sufficient to require submission to the jury on the issue of negligence on the part of the uninsured motorists which proximately caused the injuries of its plaintiffs. Of course, if this issue is resolved adversely to Farm Bureau, then we must also examine the evidence and determine whether it shows contributory negligence, as a matter of law, on the part of the plaintiffs.
The plaintiffs' first claim is based on an alleged violation by the uninsured motorists of Title 36, § 25 (a), Code of Alabama, Recompiled 1958 [now Code 1975, § 32-5-150 (a)], which states:
 "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main-traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main-traveled portion of such highway; provided, that in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than *Page 630 
15 feet upon the main-traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."
The facts show without dispute that both trucks were parked off of the paved portion of the highway and that a "clear and unobstructed width" of at least twenty-two feet was available for the free passage of vehicles on the highway. Moreover, there is no evidence indicating that the trucks were not clearly visible from a distance of two hundred feet in each direction upon such highway. From this uncontroverted evidence, a jury could not have reasonably reached a verdict in favor of the plaintiffs based on a violation of Code 1975, § 32-5-150
(a). Where the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movants' alleged liability, a motion for directed verdict is due to be granted.United States Fid. Guar. Co. v. Jones, 356 So.2d 596 (Ala. 1977); Coburn v. American Liberty Ins. Co., 341 So.2d 717 (Ala. 1977); Loeb Co. v. Martin, 295 Ala. 262, 327 So.2d 711
(1976). Therefore, the trial court correctly ruled on Farm Bureau's motion for directed verdict on this part of plaintiffs' claim.
The plaintiffs also claim that the involved uninsured motorists breached a common law duty of due care by parking their vehicles so as to obstruct the plaintiffs' view of oncoming traffic thereby causing injury to the plaintiffs. InCampbell v. Jackson, 257 Ala. 618, 623, 60 So.2d 252, 256
(1952),
 ". . . The controlling principle is that the negligence of one obstructing the highway with a standing or parked vehicle may concur with that of one driving a moving vehicle, though acting independently, as the proximate cause of the collision or accident; that one who negligently creates a condition from which danger arises through other agencies reasonably to be anticipated may proximately contribute to the resultant injury. . . ."
See also: Shepherd v. Gardner Wholesale, Inc., 288 Ala. 43,256 So.2d 877 (1972); Alabama Power Co. v. Guy, 281 Ala. 583,206 So.2d 594 (1968); Capital Motor Lines v. Gillette, 235 Ala. 157,177 So. 881 (1938); Chambers v. Cox, 222 Ala. 1,130 So. 416 (1930).
If we were reviewing a jury verdict, we would affirm a verdict in Farm Bureau's favor. However, on a motion for directed verdict, we must view the evidence in the light most favorable to the non-moving parties, here the plaintiffs. When so viewed, the evidence of negligence is all but nonexistent; but, under our cases, it is just barely sufficient to require submission to the jury for its consideration, along with the issue of whether the plaintiffs are barred from recovery by contributory negligence. United States Fid. Guar. Co. v.Jones, supra; Coburn v. American Liberty Ins. Co., supra.
Therefore, we hold that the trial court erred in directing a verdict in favor of the defendant, Farm Bureau, on the plaintiffs' second allegation of negligence.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, EMBRY and BEATTY, JJ., concur.