Dianna O'Kelley Denney sued her automobile liability insurer, Champion Insurance Company, to recover the amount of a default judgment rendered against an uninsured motorist. Champion appeals from a summary judgment in favor of Denney. We affirm.
The issue is whether the default judgment, obtained by Denney against an uninsured motorist, was conclusive as to liability and as to damages that Denney was entitled to recover pursuant to the uninsured motorist coverage provision of the liability policy issued by Champion, even *Page 138 
though Denney did not have Champion's consent to sue the uninsured motorist.
On August 22, 1986, Denney was involved in an automobile accident with Jerry W. Martin, an uninsured motorist. Denney's liability policy included an uninsured motorist endorsement, which provided in pertinent part:
"SECTION C — UNINSURED MOTORISTS INSURANCE
 "1. COVERAGE D-UNINSURED MOTORISTS (Damages for Bodily Injury): The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damage, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
 "No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."
Dianna Denney, through counsel, notified Champion of the possibility of a claim under the uninsured motorist provision of the liability policy. Subsequently, she sued the uninsured motorist. Counsel for Denney forwarded a copy of the summons and complaint to Champion with a cover letter, which stated in part, "Your company may wish to respond to this complaint." The suit was uncontested, and a default judgment was entered in the amount of $100,000, plus court costs. Champion did not give written consent to the filing of this action, and it did not participate in the action.
In February 1988, Denney sued Champion, seeking to recover uninsured motorist benefits under her policy. Summary judgment was entered against Champion for the sum of $20,000, the policy limit.
Alabama's uninsured motorist coverage statute, Code 1975, § 32-7-23, provides:
 "(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
 "(b) The term 'uninsured motor vehicle' shall include, but is not limited to, motor vehicles with respect to which:
 "(1) neither the owner nor the operator carries bodily injury liability insurance;
 "(2) any applicable policy liability limits for bodily injury are below the minimum required under section 32-7-6;
 "(3) the insurer becomes insolvent after the policy is issued so there is no *Page 139 
insurance applicable to, or at the time of, the accident; and
 "(4) the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.
 "(c) The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
It appears from the plain and unambiguous wording of this section that it is the purpose of the Uninsured Motorist Act, and, thus, the public policy of the state, that Alabama citizens purchasing automobile liability insurance are to be able to obtain, for an additional premium, the same protection against injury or death at the hands of an uninsured motorist as they would have had if the uninsured motorist had obtained the minimum liability coverage required by the Motor Vehicle Safety Responsibility Act. McCullough v. Standard Fire Ins.Co., 404 So.2d 637 (Ala. 1981); Criterion Ins. Co. v. Anderson,347 So.2d 384 (Ala. 1977); Higgins v. Nationwide Mut. Ins. Co.,50 Ala. App. 691, 282 So.2d 295, aff'd, 291 Ala. 462,282 So.2d 301 (1973).
In this case, the liability insurer, Champion, appeals from the trial court's judgment that allowed the insured, Denney, to recover the policy limit of the uninsured motorist coverage provision as partial satisfaction of a default judgment rendered against the uninsured motorist. Champion contends that the judgment against the uninsured motorist is not "conclusive" as to the amount Denney is entitled to recover under the uninsured motorist provision because Denney failed to obtain Champion's written consent to sue the uninsured motorist pursuant to the express terms of the policy. This Court addressed this issue in Gulf American Fire Casualty Co. v.Gowan, 283 Ala. 480, 218 So.2d 688 (1969), and held that the clause requiring the insurer's consent to sue an uninsured motorist was valid because the clause was clear and unambiguous. The Court went on to state that the clause did not violate public policy and that the clause served the important purpose of minimizing the likelihood of collusion between an insured and an uninsured motorist.
As to the consent requirement, the Court stated "[A]n insurer may not withhold its consent arbitrarily as there is an implied promise on its part that consent will not be withheld arbitrarily." Id., 283 Ala. at 487, 218 So.2d at 694. "Arbitrarily" means in an arbitrary manner, "arising from will or caprice," or "selected at random and without reason."Webster's New Collegiate Dictionary (1974). Ordinarily, arbitrariness is synonymous with bad faith.
The insurer was privy to all relevant information regarding the insured's action against the uninsured motorist. The insurer received a copy of the summons and complaint and the accompanying cover letter, which suggested that it might wish to respond to the complaint. The underlying purpose for including the "consent to sue" clause in the policy is to protect the insurance company from unknown or secret actions taken by the insured and the uninsured motorist. Once the insurer is placed on notice of the tort action and given the opportunity to intervene, this purpose is satisfied.
The insurer has an implied obligation to respond to correspondence giving notice of the intent to institute legal action against the uninsured motorist. The policy involved in this case provided that the insurer's obligation to pay on the uninsured motorist endorsement was contingent upon the determination of the legal liability of the uninsured motorist. We reject the argument that although the insured could pursue an action against the uninsured motorist without the insurer's consent, the result would not be binding on the insurer without a further action against the insurer to relitigate the issues of liability and damages.
The insured in this case obtained a valid and enforceable judgment against the uninsured motorist. An insurer, however, *Page 140 
should not be bound by such a judgment unless it had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position. We are of the opinion that the insurer in this case had such notice and opportunity.
The trial court reached the correct result under the facts of this case. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.