MURDOCK, Justice.
Travelers Home and Marine Insurance Company (“Travelers”) appeals a summary judgment entered by the Elmore Circuit Court in favor of Dianne Gray and Martin Gray in the Grays’ action arising from injuries Dianne suffered as the result of a motor-vehicle accident. We reverse the judgment of the trial court.

I. Facts and Procedural History

On February 14, 2010, Lawana Levirt Williams Coker and Dianne were involved in a motor-vehicle accident in Elmore County; Coker was without motor-vehicle insurance at the time of the accident. On February 7, 2012, the Grays filed in the trial court a three-count complaint naming as defendants Coker and Travelers and a fictitiously named defendant. In count I, Dianne alleged that Coker’s negligent and/or wanton operation of her motor vehicle caused the accident and that, Dianne said, as a result of the accident, she suffered, “among other things, numerous serious physical injuries; substantial medical expenses including multiple bills to Baptist Hospital; future medical bills; past and future physical pain and mental anguish; permanent disability and diminished ability to do things that she could do before the collision.” In count II, Dianne alleged that she was owed uninsured-motorist (“UM”) benefits from Travelers, her motor-vehicle insurer. In count III, Martin alleged a claim of loss of consortium. Travelers answered the complaint, denying the material allegations therein and asserting certain affirmative defenses. Coker, however, failed to answer the complaint.
On January 25, 2013, the trial court entered the following order:
“Plaintiff is given 15 days to file Motion for Default against Defendant La-wana Coker. Plaintiff shall submit an evidentiary affidavit in support of damages and proposed order via ‘proposed order’ que[ue]. The affidavit may be submitted as a supplement to the motion for default. In the event that this order is not complied with, Lawana Coker will be dismissed as a Defendant.” '
On February 7, 2013, the Grays moved the trial court to enter a default judgment in their favor and against Coker, request *5 ing that the trial court assess damages in the amount of $500,000 for Dianne and $50,000 for Martin. The Grays supported their motion for a default judgment with Dianne’s affidavit, in which Dianne alleged that, among other things, the accident had caused her to suffer numerous physical injuries; caused her to be unable to sleep; caused her to suffer from depression; and caused a breakdown of her marriage to Martin. The Grays’ February 7, 2013, motion requested no relief as to Travelers.
On February 8, 2013, the trial court entered a default judgment in favor of the Grays and against Coker for the amounts requested by the Grays in their motion for a default judgment.
On April 8, 2013, the Grays filed a new summary-judgment motion in which, for the first time, they sought relief against Travelers. The Grays did not base their summary-judgment motion against Travelers on the ground that there was no genuine issue of fact as to whether tortious conduct on the part of an uninsured third party, Coker, had caused them to suffer injury. Instead, they based their summary-judgment motion against Travelers solely on the fact that they previously had obtained a default judgment against Coker. In this regard, the Grays argued that they were entitled to a judgment as a matter of law against Travelers because, they said, “Travelers as a party defendant had notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position with respect to the entry of or the amount of damages in the Default Judgment. By failing to do so, Defendant Travelers legally is bound by the judgment.” The Grays argued as follows:
“The law is well settled that when plaintiffs join their own liability insurer as a party defendant in a suit against the uninsured motorist ‘the insurer would be bound by the factfinder’s decisions on the issues of liability and damages.’ Lowe v. Nationwide Ins. Co., 521 So.2d 1309, 1310 (Ala.1988).... The law is also clear that the UM-insurer is bound by a Default Judgment so long as ‘it had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position.’ Champion Ins. Co. v. Denney, 555 So.2d 137, 139-40 (Ala. 1989). Here, Travelers had ‘had full notice and adequate opportunity’ but chose to do nothing to ‘protect its position.’ Accordingly Travelers is bound by the Default Judgment.”
On May 15, 2013, Travelers responded to the Grays’ summary-judgment motion, arguing that it was not bound by the default judgment, which had been entered against only Coker. Specifically, Travelers argued:
“Champion [Insurance Co. v. Denney, 555 So.2d 137 (Ala.1989),] stands for the proposition that a UM insurance carrier is bound by a default judgment only if the carrier is provided notice of the insured’s action against the tortfeasor and it elects not to participate in the action. Bailey [v. Progressive Specialty Ins. Co., 72 So.3d 587, 594 (Ala.2011) ] (emphasis added).”
Travelers further argued:
“In this case, Travelers chose to participate in the action by filing an Answer to the plaintiffs!’] Complaint, in which it denied the allegations and asserted any substantive defenses that would be available to the tortfeasor, as allowed under State Farm [Mutual Automobile Insurance Co.] v. Bennett, 974 So.2d 959, 962 (Ala.2007).[1] By filing this Answer, *6 Travelers has indicated its willingness to participate in the action and protect its position, as contemplated in Champion [Insurance Co. v. Denney, 555 So.2d 137 (Ala.1989) ].”
After holding a hearing on May 21, 2013, the trial court entered a summary judgment in favor of the Grays and against Travelers. In its judgment, the trial court, citing Lowe v. Nationwide Insurance Co., 521 So.2d 1309, 1310 (Ala.1988), Champion Insurance Co. v. Denney, 555 So.2d 137, 139-40 (Ala.1989), and Bailey v. Progressive Specialty Insurance Co., 72 So.3d 587 (Ala.2011), first concluded that Travelers was bound by the default judgment entered against Coker because (1) Travelers failed to defend against the default judgment and (2) Travelers failed to contest the amount of damages. The trial court further concluded “the undisputed facts support a judgment as a matter of law,” stating:
“In this case, the [Grays] have produced substantial evidence negating the existence of any genuine issue of'material fact.' Travelers has not produced any evidence to rebut the [Grays’] evidence. Instead, as Travelers admitted at the Hearing, it was relying on its Answer. However, the law is clear that Travelers may not rest upon mere denials in its Answer, but must produce substantial evidence to prove a genuine issue for trial. Proof by [sic] is required. Travelers did not do so and thus, has not met its burden.
“Accordingly, the Court concludes that there is no genuine issue for trial. The evidence is undisputed that Defendant Williams-Coker was at fault; that Defendant Williams-Coker was uninsured; that Dianne Gray was not guilty of contributory negligence; that the injuries Dianne and Martin Gray suffered and will suffer in the future were caused by this wreck; that the injuries were very severe; and that the [Grays] are covered under the UM provisions of [their] policy with Travelers. The Court further concludes that an award of damages of $500,000.00 for Plaintiff Dianne Gray, and $50,000.00 for Plaintiff Martin Gray is appropriate under the undisputed facts of this case.”
On June 21, 2013, Travelers, pursuant to Rule 55(c), Ala. R. Civ. P., moved the trial court to set aside its February 8, 2013, default judgment “to the extent [the Grays] seek to bind Travelers” or, in the alternative, to “enter an Order specifically holding that the Default Judgment Order shall have no binding effect on Travelers.” In that motion, Travelers again argued that it should not be bound by the default judgment entered against Coker because, Travelers said, “[it] filed a timely and proper Answer to [the Grays’] Complaint” and “[it] ha[d] fully participated in this action.” Travelers also filed, pursuant to Rule 59(e), Ala. R. Civ. P., a motion to alter, amend, or vacate the trial court’s summary judgment in favor of the Grays and against Travelers and supported that motion with several evidentiary attachments. The trial court entered separate orders denying Travelers’ Rule 55(c) and Rule 59(e) motions. Travelers appealed.

II. Analysis

Travelers contends that the default judgment entered against Coker is not binding on Travelers and that the trial *7 court’s judgment concluding otherwise is contrary to this Court’s decision in Bailey v. Progressive Specialty Insurance Co., supra. We agree.
In Lowe, supra, this Court explained the process that must be followed for both the insured and the UM-insurance carrier to protect their rights when the insured wishes to make a claim for UM benefits in connection with an action by the insured against the alleged tortfeasor:
“A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder’s decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out above — where the insurer is joined as a party defendant.”
521 So.2d at 1310 (emphasis omitted and emphasis added).
In Bailey, the plaintiff, Ginger Bailey, sued an uninsured driver and tortfeasor, Luvert Caver, and notified her automobile insurer, Progressive Specialty Insurance Company (“Progressive”), of the action. Progressive elected to intervene as was its right under Lowe. Bailey attempted service upon Caver several times, eventually serving him by publication. Subsequently, Bailey filed a motion for a default judgment against Caver, and the trial court granted the motion. Bailey then filed a motion to set a hearing for the determination of damages on the default judgment. She filed an affidavit averring that her damages amounted to $125,000. Progressive responded by filing a “Motion to Set Aside Entry of Default Judgment” in which it expressly asked the trial court “ ‘to set aside the default judgment entered against Luvert Caver ... to the extent that [Bailey] seeks to bind Progressive by that judgment.’ ” Bailey, 72 So.3d at 589. Although the trial court entered an order denying Progressive’s motion and setting the amount of damages against Caver, it nonetheless specifically stated that Progressive was not bound by the default judgment entered against Caver.
Bailey subsequently filed what she styled a “Supplemental Complaint” against Progressive for UM benefits, alleging breach of contract and bad-faith failure to pay the UM benefits she alleged were due her based on the default judgment. Progressive eventually filed a motion for a summary judgment as to Bailey’s “supplemental complaint” in which it argued that it was not liable because the trial court had stated that the default judgment against Caver was not binding upon Progressive and Progressive was contesting liability and damages. The trial court granted Progressive’s motion for a summary judgment. Bailey appealed the judgment to this Court.
This Court affirmed the trial court’s judgment in Bailey. In the course of doing so, the Court explained:
“ l[T]he insured must be able to establish fault on the part of the uninsured motorist and must be able to prove *8 the extent of the damages to which he or she would be entitled.’
“LeFevre v. Westberry, 590 So.2d 154, 159 (Ala.1991). Thus, the plaintiffs claim for UM benefits is dependent upon a determination, that is binding on the UM-insurance earner, as to the extent, if any, of the tortfeasor’s liability to the plaintiff.
“This Court has made it clear that, although the plaintiffs ‘legal[ ] entitle[ment] to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom,’ § 32-7-23(a), Ala.Code 1975, is dependent upon establishing the tort-feasor’s fault and the certainty of damages, the claim for UM benefits is based on the contractual obligations of the insurance policy. See, e.g., Ex parte Barnett, 978 So.2d 729, 734 (Ala.2007) (observing that ‘a UM insurance carrier’s liability to the insured is based solely on its contractual obligations as laid out in the policy’ and that, ‘[although the tort-feasor’s liability triggers the insurer’s obligation to pay, that liability serves only to establish that the insured “is entitled to recovery under the terms of the policy.”’ (quoting Howard v. Alabama Farm Bureau Mut. Cas. Ins. Co., 373 So.2d 628, 629 (Ala.1979))).
“[In Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), t]his Court ... provided a specific process that must be followed for both the insured and the UM-insurance carrier to protect their rights when the insured wishes to make a claim for UM benefits in connection with an action by the insured against the alleged tortfeasor:
[[Image here]]
“Progressive argues that it was not bound by the default judgment and the damages award of $125,000 assessed against Caver. Progressive argues that ‘there was no fact-finding on the issues of liability and damages ’ because the trial court simply entered a default judgment. Progressive notes that this Court in Ex parte Progressive Specialty Insurance Co., 985 So.2d 897 (Ala.2007), held that the plaintiffs underinsured-motorist-insurance carrier was not bound by a settlement between the plaintiff and the tortfeasor’s liability insurer because ‘there has been no fact-finding on the issues of liability and damages as underscored in Lowe.’ 985 So.2d at 899.
“[The plaintiff] Bailey responds by citing Champion Insurance Co. v. Denney, 555 So.2d 137 (Ala.1989). In Champion, the plaintiff ... did not name her UM-insurance carrier, Champion, in her action against the uninsured tortfeasor, but she did provide Champion notice of the action. Champion elected not to intervene or otherwise to participate in the action. Denney obtained a default judgment against the tortfeasor in the amount of $100,000. Denney then filed a separate action against Champion seeking UM benefits. The trial court entered a summary judgment against Champion based upon the previous default judgment against the tortfeasor. On appeal, this Court concluded that the default judgment was binding upon Champion, explaining in part:
“ ‘The insured in this case obtained a valid and enforceable judgment against the uninsured motorist. An insurer, however, should not be bound by such a judgment unless it had full notice and adequate opportunity to intervene and present any defenses and arguments necessary to protect its position. We are of the opinion that the *9 insurer in this ease had such notice and opportunity.’
“555 So.2d at 139-40.
“Progressive argues that Champion stands for the proposition that a UM-insurance carrier is bound by a default judgment only if the carrier is provided notice of the insured’s action against the tortfeasor and it elects not to participate in the action. This case is different, Progressive contends, because it did intervene in the action in order to exercise its right to defend its own interests. We agree.
“...■ The plaintiff in this case, Bailey, after obtaining a default judgment that by its terms was binding against the alleged tortfeasor but not against the UM-insurance carrier, had every right to prosecute her claims on the merits against the carrier. Bailey has not attempted to do that in this case, however. Instead, Bailey has attempted to rely solely on the existence of the default judgment she obtained against the alleged tortfeasor....
“We do not agree that the trial court lacked subject-matter jurisdiction over the claims by Bailey that remained pending against Progressive in the wake of the trial court’s entry of a default judgment in favor of Bailey against the tortfeasor.5 Nonetheless, by limiting herself to a claim against Progressive based solely on that default judgment (which the trial court had determined was not binding on Progressive), rather than seeking to prove her entitlement to recover on the merits, Bailey was attempting to pursue a claim against Progressive that was not cognizable ....
[[Image here]]
“5... [T]he plaintiff here attempts to ground her bad-faith claim against the UM-insurance carrier on a default judgment that has established, although only as against the tortfeasor, the amount of damages the plaintiff may recover....”
Bailey, 72 So.3d at 593-95 (some emphasis added).
Bailey stands for the proposition that, when a UM carrier has elected to participate in a lawsuit against both it and a third-party tortfeasor, the taking of a default judgment against the third-party tortfeasor only simply is not binding on the UM carrier. A UM carrier has no relationship with the third-party tortfeasor and thus cannot control the fact that the tortfeasor might never answer the complaint against it. Indeed, there really is no way for a UM carrier to “defend” against a default judgment being taken against a third-party tortfeasor who chooses not to answer the complaint.
Under Bailey, the UM carrier may choose to defend a case in which it has been named as a defendant or in which it has intervened. When the UM carrier makes the decision to defend rather than leaving the lawsuit to be “worked out” between the insured and the tortfeasor, the UM carrier effectively says to its insured — the plaintiff — that the insured must prove as against it the merits of its claim. That is, a UM carrier is insisting that the plaintiff meet its burden of proof as against the UM carrier and show that he or she (the plaintifftinsured) did in fact suffer damage of a certain amount as a result of the tortious conduct of the third-party tortfeasor. Only then can the plaintiff expect to obtain a judgment against and collect from the carrier (as opposed to collecting a default judgment, if it can, from the tortfeasor).
In this case the Grays’ motion for a summary judgment against Travelers was based solely on the incorrect notion that the nonfinal, default judgment sought and obtained by the Grays as to Coker only was automatically binding on Travelers.
*10 It was not a summary-judgment motion against Travelers presenting evidence of liability, causation, damages, etc., in relation to the acts of an uninsured third-party tortfeasor. Had it been, then Travelers would have had to meet the evidence presented against it with contrary evidence of its own. In this case, however, Travelers appropriately responded to the single, mistaken legal position asserted by the Grays in the only motion ever filed by them against Travelers by arguing that, under Bailey, it was not bound by the default judgment that previously had been entered against Coker. The trial court erred in disagreeing with Travelers and in entering a judgment against it on this limited ground.

III. Conclusion

Because Travelers, the Grays’ ÜM carrier, was not bound by the default judgment entered against Coker, the third-party tortfeasor, Travelers was not required to submit evidence in opposition to a motion for a summary judgment that relied solely on that default judgment. Consequently, the trial court erred in entering a summary judgment in favor of the Grays and against Travelers. The summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, SHAW, WISE, and BRYAN, JJ., concur.
MOORE, C.J., concurs in the result.

. " '[I]n a direct action against an insurer for [uninsured-motorist] benefits " 'the insurer *6 would have available, in addition to policy defenses, the substantive defenses that would have been available to the uninsured motorist.’ ” ’ ” State Farm Mut. Auto. Ins. Co. v. Bennett, 974 So.2d 959, 962 (Ala.2007) (quoting State Farm’s brief, at 19, quoting in turn State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230, 1233 (Ala.1985) (emphasis omitted)).